**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

GILMORE W. ALLEN,                                      :
individually and on behalf of a class,                         :
                                                       :
                      Plaintiff,                       :
                                                       :
              vs.                                      :
                                                       :
RELIN, GOLDSTEIN & CRANE, LLP,                         :
                                                       :
                      Defendant.                       :

-----------------------------------------------------------X

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1.      Plaintiff brings this action to secure redress against unlawful credit and collection

practices engaged by defendant Relin, Goldstein & Crane, LLP   Plaintiff alleges violation of the

Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

2.       The FDCPA broadly prohibits unfair or unconscionable collection methods;

conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading

statements, in connection with the collection of a debt; it also requires debt collectors to give

certain information.  15 U.S.C. §§1692d, 1692e, 1692f, and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive

debt collection practices contribute to the number of personal bankruptcies, to marital instability,

to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes

the need to construe the statute broadly, so that we may protect consumers against debt

1

collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.      The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 et seq.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

8.      Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

## PARTIES

9.      Plaintiff, Gilmore W. Allen, is an individual resident of Brooklyn, New York.

10.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendants sought to collect from plaintiff is a consumer

11.     Defendant Relin, Goldstein & Crane, LLP, is a law firm organized as a limited liability partnership with offices at 28 E Main St., Suite 1800, Rochester, NY 14614.

12.     Relin, Goldstein & Crane, LLP, is engaged in the collection of consumer debts on behalf of others.  It uses the mails and telephone system for that purpose.

13.     Relin, Goldstein & Crane, LLP states on a web site (https://www.rgcattys.net/)

that:

    a.    The firm "handles commercial and retail collections, creditor bankruptcy, residential foreclosure and civil litigation cases."

    b.    "The firm represents clients in all stages of the collections process, including letters, judgments, the enforcement of judgments, liquidation of assets and litigation,"

    c.    "Relin, Goldstein & Crane, LLP represents creditors in Chapters 7, 11 and 13 bankruptcies and advises clients of their rights in cases of secured and unsecured debt. They also advise and assist clients with rights and remedies during and after a declaration of bankruptcy."

    d.    "The firm's practice includes representation for creditors in cases of foreclosure, mortgage modifications, short sale and deeds in lieu of foreclosure."

14.    Defendant is a debt collector as defined in the FDCPA.

## FACTS

15.    On November 29, 2016, defendant Relin, Goldstein & Crane, LLP, sent plaintiff a collection letter, attached as Exhibit A.

16.    The letter sought to collect a debt consisting of an automobile deficiency, allegedly owed after a retail installment contract was accelerated and the vehicle repossessed and sold.  (Exhibit B)

17.    The car was purchased for personal, family or household purposes and not for business purposes.

18.     <u>Exhibit A</u> states that the debt may increase because of "late charges."

19.     This statement is not truthful.

20.     State law relating to motor vehicle installment sales contracts, McKinney's Personal Property Law § 302, subdivision 7,  authorizes "a delinquency and collection charge on each instalment in default for a period not less than ten days in an amount not in excess of the rate or rates agreed to in the contract. . . . ."

21.     The accelerated contract balance and resulting deficiency is not an "instalment" and late charges may not be imposed after acceleration.  *Green Point Sav. Bank v. Varana*, Supreme Court, 236 A.D.2d 443, 653 N.Y.S.2d 656 (2d Dept. 1997); *GAB Management, Inc. v. Blumberg,* 226 A.D.2d 499, 641 N.Y.S.2d 340 (2d Dept. 1996).

## COUNT I – FDCPA

22.     Plaintiff incorporates paragraphs 1-21.

23.     <u>Exhibit A</u> violates the FDCPA, 15 U.S.C. §§1692e, 1692e(2), 1692e(10), and 1692g, by representing that late charges may be added when that is not legally permissible.

24.     Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

25.     Section 1692e provides:

**§1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2) The false representation of--**

**(A) the character, amount, or legal status of any debt; . . . .**

4

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; . . .**

26.     Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in**

**subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

**(d) Legal pleadings.  A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**

**(e) Notice provisions.  The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

## CLASS ALLEGATIONS

27.    Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

28.    The class consists of (a) all natural persons (b) with New York addresses (c)  who were sent a letter by defendant (d) stating that an accelerated debt could increase on account of late charges (e) which letter was sent on or after a date one year prior to the filing of this action and ending 21 days after the filing of this action.

29.    On information and belief, based on the use of a form letter, there are more than 40 persons who were sent such letters, and the class is so numerous that joinder is impracticable.

30.    There are questions of law and fact common to the members of the class, which

common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

31.    Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

32.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

33.    A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.  The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

  i.    A declaration that defendant's letter violates the FDCPA.

  ii.   Statutory damages;

  iii.  Attorney's fees, litigation expenses and costs of suit;

  iv.   Such other and further relief which this court deems just and proper.

s/Tiffany N. Hardy<br>Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

Dan Shaked
SHAKED LAW GROUP, P.C.
44 Court Street, Suite 1217
Brooklyn, New York 11201
(917) 373-9128

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

<u>s/Tiffany N. Hardy</u>
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com